UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | 2:25-cv-1988-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Jose Santos, a state prisoner, seeks relief under 42 U.S.C. § 1983. Because plaintiff proceeds without counsel, this case is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint, request to proceed in forma pauperis, and motion for injunctive relief are before the court. (ECF Nos. 1, 2, 3.)

**I.     In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   Allegations in the Complaint

Plaintiff alleges he was compelled to sign an Assignment Card to participate in "DRP" Group under duress and threat of disciplinary action by defendant John Doe #1. (ECF No. 1 at 5.) As part of the course curriculum, participants in DRP Group are required to reveal in writing personal information regarding their criminal history, case factors, victims, etc. (Id.) Defendant McCoy is the AOD Counselor who ran the DRP Group and would insist that everyone participate under threat of disciplinary action or dismissal as a "Program Failure." (Id.)

Plaintiff does not believe he is required to take the course and asserts defendants have refused to provide written proof of authorization to mandate his attendance. (ECF No. 1 at 6.) Plaintiff asserts violations of his right to due process of law, Fifth Amendment right against self-incrimination, Eighth Amendment right to be free of cruel and unusual punishment, and California's Tom Bane Act. (Id. at 5-6.) Plaintiff also brings a claim asserting deprivation of the right to request public records under the Freedom of Information Act ("FOIA"). (Id. at 7.)

## IV.   Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person or entity acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations do not state a § 1983 claim for the following reasons.

First, the complaint does not plausibly allege a violation of plaintiff's Fifth Amendment right regarding self-incrimination. The Fifth Amendment privileges an individual not to answer

2

official questions put to him in any proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. Baxter v. Palmigiano, 425 U.S. 308, 316 (1976). Under the facts alleged in the complaint there is no suggestion that revealing information about plaintiff's criminal history, case factors, victims, etc., could incriminate him in future criminal proceedings.

Second, the complaint does not plausibly allege a due process violation. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). In the prison context, procedural due process protections apply only where the specific deprivation at issue constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's alleged deprivation—being mandated to participate in DRP course— does not impose an atypical and significant hardship on plaintiff relative to the basic conditions of life as a prisoner.

Third, the complaint does not plausibly allege a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Prison officials have a duty to provide inmates with humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832. (1994). To violate the Eighth Amendment, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 832, 834. A cognizable Eighth Amendment claim requires facts showing: (1) the deprivation alleged is objectively sufficiently serious; and (2) the prison official possessed a sufficiently culpable state of mind. Id. at 834. Plaintiff's allegations about being compelled to participate in DRP Group do not describe a deprivation that is sufficiently serious to implicate the Eighth Amendment or a defendant who acted with a sufficiently culpable state of mind to plaintiff's health or safety to have acted in a deliberately indifferent manner.

In addition, the complaint fails to state any claim under FOIA. FOIA requires federal agencies to make certain information available to the public. See 5 U.S.C. § 552. Plaintiff's allegations do not describe information held by federal agencies.

Finally, plaintiff has not alleged compliance with California's Government Claims Act ("GCA") which is required to state a Bane Act Claim. See Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (dismissing state law claims for failure to allege compliance with GCA). No state claim for money or damages may be brought against a public entity unless those claims have been presented for review and rejected by a notice issued or a failure to act. See Cal. Gov't Code § 900 et seq.

### V.     Leave to Amend

Plaintiff's complaint fails to state a claim for relief and must be dismissed. However, because it is not absolutely clear plaintiff cannot allege facts to state a claim, plaintiff is granted leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

### VI.    Motion for Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).[1] "Plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "A preliminary injunction is an extraordinary remedy [that] may be awarded only upon a clear showing that the movant is entitled to relief. Winter, 555 U.S. at 24.

Under the court's local rules,

> All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the

---

[1] Under another formulation of the test used in the Ninth Circuit, a likelihood of success is not an absolute requirement. Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are raised and the balance of hardships tips in plaintiff's favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014).

4

>question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Local Rule 231(d).

Plaintiff's motion for injunctive relief seeks a variety of relief including an order that defendants cease and desist from mandating inmates to attend DRP and comply with plaintiff's request for documents. (ECF No. 3.) Plaintiff fails to show any preliminary injunctive relief is warranted.

Plaintiff's motion for an injunction is premature because the court does not have personal jurisdiction over any defendant. The court can only enjoin parties over which it has power. Id. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly"); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff also has not shown he is likely to suffer the type of irreparable harm necessary for a preliminary injunction. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998). A plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Finally, plaintiff does not show he is likely to succeed on the merits because the complaint does not state a claim for relief. Likelihood of success on the merits is the most important Winter factor and is also relevant to the court's evaluation of the other factors See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). For all these reasons, the motion for injunctive relief should be denied.

### VII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

You have not alleged facts that state any claim for relief. The undersigned magistrate judge is dismissing your complaint with leave to amend and recommending that your motion for injunctive relief be denied. As set forth below, you have an opportunity to do either or both of the following: (1) file an amended complaint within 30 days; (2) file objections within 14 days to the recommendation that your motion for injunctive relief be denied.

### VIII. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court shall assign a district judge to this case.
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

In addition, for the reasons set forth above, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 3, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sant1988.scrn.mpi