UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANGEL SANTOS,

        Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

2:25-cv-1988-DAD-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff Jose Santos, a state prisoner, proceeds pro se and in forma pauperis and seeks relief under 42 U.S.C. § 1983. This case is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF No. 10.) Because it clearly appears plaintiff cannot state a claim for relief based on the underlying facts, the FAC should be dismissed without further leave to amend for failure to state a claim.

I.    **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

## II.     Allegations in the Complaint

Plaintiff was assigned without his permission or knowledge to "DRP" CBI.602 Life Skills Group was compelled against his will to sign an Assignment Card to participate under duress and threat of disciplinary action. (ECF No. 10 at 23-25.) Plaintiff alleges the course is a Drug Addiction Intervention & Rehabilitation Program administered under the authority of 15 CCR § 3040.1 which specifies certain criteria for placement he does not meet. (Id. at 3.) Plaintiff does not believe the defendants can require him to take the course and asserts they have refused to provide written proof of authorization to mandate attendance for all inmates. (Id. at 28.)

## III.     Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person or entity acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations in the FAC do not state a claim under § 1983 for the same reasons the original complaint failed to state a claim. Because plaintiff has not stated any federal claim under § 1983, the court should decline to exercise jurisdiction over plaintiff's state-law claims. See 28 U.S.C § 1367(c).

The FAC does not plausibly allege a violation of plaintiff's Fifth Amendment right regarding self-incrimination. The Fifth Amendment privileges an individual not to answer official questions put to him in any proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. Baxter v. Palmigiano, 425 U.S. 308, 316 (1976). The FAC does not allege any facts from which the court can infer that participation in DRP group could potentially incriminate plaintiff in future criminal proceedings.

The FAC does not state a due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). In the prison context, procedural due process protections apply only where the specific deprivation at issue constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff alleges he does not meet the criteria for placement set forth in 15 CCR § 3040.1, which provides, in relevant part, as follows:

> (a)(2) CBI Life Skills eligibility criteria and priority placement shall be for incarcerated persons based upon a health care services referral for incarcerated persons who do not have a specific substance use disorder or for incarcerated persons who have a criminogenic need for any CBI program as identified by the automated risk or needs assessment tools as listed in sections 3375.6 and 3768.1.
>
> (b) Assignments and changes within CBI programs can be made based upon a health care services referral without a classification committee action.

Cal. Code Regs. tit. 15, § 3040.1.

Plaintiff does not allege there is no health care services referral applicable to him, but rather, only that defendants have failed to show him the referral. In any event, the existence of a prison regulation by itself does not create a liberty interest protected by the Due Process Clause. Rather, the Due Process Clause applies in this context only where the freedom from restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff's alleged deprivation—being mandated to participate in DRP group— does not impose an atypical and significant hardship on plaintiff relative to the basic conditions of life as a prisoner. See, e.g., Williams v. Wilkinson, 51 F. App'x 553, 556-57 (6th Cir. 2002) (being required to participate in a substance abuse program that interferes with an inmate's ability to earn money does not qualify as a "significant and atypical hardship"); Ross v. Keelings, 2 F. Supp. 2d 810, 815 (E.D. Va. 1998) ("Mandatory participation in the Therapeutic Community program was not an atypical and significant hardship in relation to ordinary prison life. Indeed, rehabilitation programs are commonplace at all correctional facilities. Otherwise, a facility would never achieve its goal of returning inmates to society as law abiding citizens. Moreover, a large part of prison life for inmates is regimented—or mandatory. Otherwise, the residents at correctional facilities would not be called 'inmates' or 'prisoners.'"); Sanders v. Cohen, No. 09-61451-CIV, 2009 WL 4421265, at *3 (S.D. Fla. Nov. 25, 2009) ("The plaintiff has not set forth a cognizable constitutional claim with regard to forced placement in a substance abuse program.").

Here, plaintiff fails to state a cognizable due process claim based on mandatory participation in DRP group.

Finally, the FAC does not state a claim for a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Prison officials have a duty to provide inmates with humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832. (1994). To violate the Eighth Amendment, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 832, 834. A cognizable Eighth Amendment claim requires facts showing: (1) the deprivation alleged is objectively sufficiently serious; and (2) the prison official possessed a sufficiently culpable state of mind. Id. at 834. Plaintiff's allegations about being compelled to participate in DRP group do not describe a deprivation that is sufficiently serious to implicate the Eighth Amendment. Plaintiff's allegations also do not show any defendant acted with a sufficiently culpable state of mind to plaintiff's health or safety to have acted in a deliberately indifferent manner.

## IV. Leave to Amend

Plaintiff was previously advised of the deficiencies in his federal claims based on these underlying facts and the FAC contains substantially the same factual allegations and the same deficiencies. It now clearly appears plaintiff cannot state a claim for relief and the FAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your first amended complaint. The undersigned is recommending this case be dismissed for failure to state a claim under 42 U.S.C. § 1983. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

////

4

**VI.     Order and Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1.  Plaintiff's first amended complaint be dismissed without further leave to amend for failure to state a claim.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sant1988.scrn.fac.fr